67221, 67222. BRAND v. THE STATE (two cases).

DEEN, Presiding Judge.

Appellant Brand and co-defendant Alexander were convicted of two counts of robbery by intimidation. The facts of the case can be found in *Alexander v. State,* 150 Ga. App. 41 (256 SE2d 649) (1979). Appellant was granted an out-of-time appeal because his prior appeal had been improperly dismissed as untimely filed. Both appeals have now appeared in this case and have been consolidated. The sole enumeration of error complains of ineffective assistance of counsel. *Held:*

A thorough examination of the trial transcript reveals that Brand's attorney raised objections, cross-examined all the state's witnesses, joined in a motion for a mistrial made by counsel for the co-defendant, presented several witnesses in support of appellant's defense of involuntary intoxication and made a closing argument to the jury. Counsel also stipulated Brand's presence in the drug store where the robbery occurred and that his client's fingerprints were found on a bottle of cough syrup in order to raise the aforementioned defense as Brand later admitted committing the robbery.

In determining whether appellant was afforded effective assistance of counsel, this court must consider (1) whether the defendant had a defense which was not presented; (2) whether counsel investigated the facts and consulted with his client about the case; (3) whether the omissions alleged to have been committed by the attorney were the result of inadequate trial preparation or simply the result of unwise trial tactics. *Johnson v. Zant,* 249 Ga. 812 (295 SE2d 63) (1982); *Spence v. State,* 163 Ga. App. 198 (292 SE2d 908) (1982). There is no evidence in the instant case that any of the above criteria are applicable. All the acts complained of on appeal consist of strategy decisions (failure to move for severance, failure to follow up on a motion for psychiatric examination, the stipulation, failure to question appellant as to his intent, failure to question a deputy sheriff as to appellant's outburst in the hall prior to trial and failure to move for a continuance because a panel of potential jurors might have heard the outburst, and failure to object to the co-defendant's testimony that appellant robbed the drug store). The fact that defense counsel elicited testimony about a gun found in the car when appellant was arrested which could have raised the inference that appellant had been involved in previous criminal activity was apparently the result of a poorly phrased question.

The right to effective assistance of counsel does not guarantee errorless counsel or that judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective

assistance. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974); *Johnson v. Zant,* supra. Trial strategy as to which witnesses to call, whether and how to conduct the cross-examination of witnesses, which jurors to accept, what trial motions to make, etc. are all within the exclusive domain of counsel after consultation with the defendant. *Reid v. State,* 235 Ga. 378 (219 SE2d 740) (1975). In the instant case, appellant was charged with two counts of armed robbery and the jury found him guilty of the lesser included offenses of robbery by intimidation indicating he was not denied effective assistance of counsel.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED NOVEMBER 29, 1983.

Daniel Wayne Brand, *pro se.*
*Lee Sexton,* for appellant.
*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Michael D. Anderson, Assistant District Attorneys,* for appellee.