No. 83–506. McKASKLE, ACTING DIRECTOR, TEXAS DEPARTMENT OF CORRECTIONS *v.* VELA. C. A. 5th Cir. Motion of respondent for leave to proceed *in forma pauperis* granted. Certiorari denied.

JUSTICE O'CONNOR, with whom THE CHIEF JUSTICE and JUSTICE REHNQUIST join, dissenting.

This petition presents the important question whether the exhaustion rule in 28 U. S. C. §§ 2254(b), (c), prohibits federal courts from considering federal habeas corpus petitions that contain specific allegations of error that are integral to the constitutional challenge but were not raised in the state courts. Because the question has great significance for the relations between federal and state courts, I would grant the petition for certiorari.

I

Respondent, Conrado Vela, pleaded guilty to a Texas murder indictment. After a jury found he had killed with malice, respondent was sentenced to 99 years' imprisonment. The conviction was upheld on direct appeal. See *Vela* v. *State*, 516 S. W. 2d 176 (Tex. Crim. App. 1974). Respondent then filed consecutive petitions for writs of habeas corpus in state and federal courts, alleging ineffective assistance of counsel. In both petitions, respondent raised the same three allegations of error as support for his ineffective-assistance-of-counsel claim. Both the state courts and the Federal District Court found that the three errors, when considered in the context of the entire record, were not cumulatively of such magnitude to render counsel's conduct of the trial as a whole constitutionally infirm. The courts also held that respondent was not prejudiced from any inadequacy that could be found. See *Ex parte Vela*, Application No. 9209, pp. 20–22 (June 4, 1980) (state court); Supp. App. to Pet. for Cert. E–1—E–8 (Federal District Court).

Respondent appealed to the Court of Appeals for the Fifth Circuit, presenting the same three allegations of counsel error and, for the first time, raising other allegations of error as well. The Court of Appeals decided that the exhaustion requirement of 28 U. S. C. §§ 2254(b), (c), did not prevent it from considering the additional instances of alleged ineffective assistance. Though these additional instances of ineffectiveness had not specifically been brought to the attention of the state courts, the Court of Appeals noted that the alleged errors were contained in the trial record and that the state courts purportedly had reviewed the entire record in finding counsel's performance adequate in the "totality of the circumstances." Thus, the Court of Appeals concluded that "the alleged 'new facts' [were] not new at all," and that respondent had exhausted all available state remedies. *Vela* v. *Estelle*, 708 F. 2d 954, 960 (1983). On the merits, it found that respondent had received ineffective assistance at trial because his counsel had committed the three "central errors" raised in the state-court petition and "several other serious errors as well." *Id.*, at 961–965. The court concluded that respondent had suffered prejudice of sufficient magnitude to warrant granting a writ of habeas corpus. *Id.*, at 965–966.

## II

Whatever the correctness of the Court of Appeals' "ineffective assistance" determination, see Supp. App. to Pet. for Cert. E–2–E–8, this petition raises an issue of considerable importance to the administration of federal habeas corpus. The Fifth Circuit's consideration of factual allegations not specifically raised in the state court undermines the policies behind the requirement that state remedies be exhausted before federal habeas corpus relief becomes available.

The exhaustion rule "reflects a policy of federal-state comity" that is fundamental to our federal system. *Picard* v. *Connor*, 404 U. S. 270, 275 (1971). It "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth* v. *Serrano*, 454 U. S. 1, 3 (1981) *(per curiam)*. For the State to have that opportunity, "the federal claim must be fairly presented to the state courts." *Picard* v. *Connor, supra*, at 275. A federal habeas petitioner making a claim critically dependent on specific allegations of error never

brought to the state court's attention has not "fairly presented" that claim. See *Rose* v. *Lundy*, 455 U. S. 509, 526–527, 531–532 (1982) (BLACKMUN, J., concurring in judgment) (interrelated claims requiring exhaustion are those necessitating examination of the entire record). Upsetting a state-court criminal conviction on the basis of such allegations improperly usurps the state courts' role in the enforcement of federal law.

Of course, the state courts have the entire record, and thus the essential facts, before them in *every* constitutional case. But that is obviously beside the point. The exhaustion rule requires that the habeas petitioner do more than make available to the state courts all facts necessary to support a claim. It requires the petitioner to identify for the state courts' attention the constitutional claim alleged to be inherent in those facts. See *Picard* v. *Connor*, *supra*, at 277. Much as with our rules on direct review, the exhaustion rule requires that the habeas petitioner, and not the state-court judges, bear the burden of severing the bad from the good and of raising those errors supportive of an alleged constitutional claim. See *Webb* v. *Webb*, 451 U. S. 493, 499–501 (1981) (principle of comity behind "properly-raised-federal-question" doctrine similar to principle behind exhaustion doctrine). When the state courts are not informed of the specific errors on which a constitutional claim is based, it cannot be said that they were given a fair opportunity to consider the claim in the same posture as was the federal court.

That state courts evaluate the assistance of counsel in the context of the entire trial record cannot mean that the exhaustion requirement is satisfied. In *Rose* v. *Lundy*, *supra*, at 519, we said that an exhausted claim could not be considered by a federal habeas court if the claim depended in part on another claim not raised in the state courts, even if the state courts, in rejecting the exhausted claim, had reviewed the entire record. The exhaustion rule requires that the substance of a federal habeas corpus claim first be presented to the state courts, *Picard* v. *Connor*, *supra*, at 278, and the substance of an ineffective-assistance-of-counsel claim is identified by the list of alleged errors committed by counsel. See *Domaingue* v. *Butterworth*, 641 F. 2d 8, 12–13 (CA1 1981). Unless the state courts have been pointed to a particular error of counsel, a claim based on that error is unexhausted.

A Federal Rule requires habeas petitioners "to set forth in summary form the facts supporting each of the grounds thus speci-

fied." 28 U. S. C. § 2254 Rule 2(c). For federal habeas law to demand less of the petitioner when in state court is inconsistent with the premise of that Rule—that courts are entitled to be notified of the specific basis of a claim, especially if the claim is one for extraordinary relief. See also Fed. Rule Evid. 103(a)(1). It is also inconsistent with the premise of the exhaustion doctrine—that state courts provide the primary forum for the adjudication of claims of even federal error in state criminal proceedings. See *Rose* v. *Lundy, supra.*

Ineffective-assistance-of-counsel claims are becoming as much a part of state and federal habeas corpus proceedings as the bailiffs' call to order in those courts. Furthermore, other constitutional claims—for example, the right to confrontation, the right to a fair trial, and the right to an impartial tribunal—likewise rest on specific allegations of error and often require review of the entire record as part of the constitutional examination. The Court of Appeals' questionable approach to the exhaustion rule of 28 U. S. C. §§ 2254(b), (c), would apply to these claims as well. I would grant the petition for certiorari to consider the Court of Appeals' holding in light of its potential for interference with the relations of state and federal courts.