## 68845. SLOAN v. THE STATE.
### (323 SE2d 834)

McMURRAY, Chief Judge.

Defendant was convicted of the offense of violation of the Georgia Controlled Substances Act (possession of more than one ounce of marijuana). Following the denial of his motion for new trial, defendant appeals. *Held*:

1. The trial court properly denied defendant's oral motion to suppress evidence. "Defendant, by failing to file a written motion to suppress as required by OCGA § 17-5-30, has waived any objection to the evidence on the grounds it was obtained by an illegal search and seizure. *Peppers v. State*, 144 Ga. App. 662, 663 (1) (242 SE2d 330); *Dennis v. State*, 166 Ga. App. 715, 718 (305 SE2d 443)." *Turner v. State*, 170 Ga. App. 355, 356 (317 SE2d 631).

2. Defendant contends that there was only one ounce (not more than one ounce) of marijuana found in his residence. See in this regard OCGA § 16-13-2 (b).

The crime laboratory chemist testified that he weighed the marijuana in question and "it's weight was 28.4 grams, which is exactly one ounce." However, on cross-examination the chemist explained that an ounce is actually 28.35 grams, but that he rounded that off and routinely considered an ounce to be 28.4 grams. (We note that extending the decimal point two more places reveals that one ounce is 28.3495 grams.)

It is clear that the chemist's testimony equating one ounce with 28.4 grams is less than precise in that it reflects the chemist's routine practice of rounding off (or rounding up to the next tenth of a gram). There is uncontroverted evidence that the quantity of marijuana in question is 28.4 grams and that 28.4 grams is more than one ounce. Therefore, the evidence is sufficient to enable any rational trier of fact to find beyond a reasonable doubt that the quantity of marijuana in question is more than one ounce and that the defendant was guilty as charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. Defendant contends the trial court erred in failing to give his requested charge on the law regarding possession of less than one ounce of marijuana. (Defendant's request appears to be in error regarding the provision of OCGA § 16-13-2 (b) which provides for misdemeanor punishment for possession of one ounce or less of marijuana, rather than less than one ounce as requested.) Defendant's written request to charge in this regard was submitted during the trial court's charge to the jury.

"Absent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error. *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354)

(1976)." *Howe v. State*, 250 Ga. 811, 813 (2) (301 SE2d 280). As defendant's request to charge was not timely submitted (that is, at or before the close of the evidence) the failure to give this request was not error.

4. Defendant objected to the admission into evidence of a photograph of drug paraphernalia taken from his residence on the ground that it was not relevant. "Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant." *McNabb v. State*, 70 Ga. App. 798, 799 (1) (29 SE2d 643). The trial court did not err in overruling defendant's objection, as the presence of drug paraphernalia in defendant's residence was admissible to show guilty knowledge and intent. *Whitacre v. State*, 155 Ga. App. 359, 361 (2) (270 SE2d 894).

5. Defendant contends that the trial court erred in charging the jury regarding confessions, when the alleged statement made by defendant was not a confession, but an incriminating statement. Upon completion of the court's charge the trial court inquired if there were any exceptions and defense counsel responded in the affirmative stating his exception to another portion of the charge. The trial court then inquired, "Anything further?" to which defense counsel responded, "No." Defendant having failed to object (in regard to the issue he seeks to raise by this enumeration of error) or reserve the right to object on motion for new trial or on appeal has waived appellate review as to this issue. *Rivers v. State*, 250 Ga. 303, 309 (7) (298 SE2d 1); *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855).

6. Defendant contends that he was denied effective assistance of counsel in that due to the manner of appointment of counsel, appointed counsel did not have a realistic opportunity to file a written motion to suppress evidence. Defendant states that counsel was appointed on Tuesday, interviewed defendant on Wednesday and that the case was tried on the following Tuesday. The record contains no indication that the time provided for preparation for trial was inadequate other than appointed counsel's conclusory remark at trial: "Well, it has been impossible for me to get this motion before the Court until just now, and until I heard the testimony of the Crime Lab witness, I couldn't have filed this motion anyway, because I did not know what his explanation was going to be." Clearly, the impetus for appointed counsel's desire to file the motion to suppress at trial arose from unanticipated testimony at trial rather than lack of adequate time for preparation.

As to the decision not to file a motion to suppress evidence prior to trial, defendant has failed to show that decision to be unreasonable or that he suffered any harm as a result. See *Spence v. State*, 163 Ga.

App. 198, 199 (292 SE2d 908). See also *Brand v. State*, 169 Ga. App. 118 (312 SE2d 157). The record in the case sub judice indicates that defendant was not denied effective assistance of counsel.

7. Defendant's final enumeration of error contends the trial court erred in commenting upon the evidence and in limiting defendant's cross-examination of one of the State's witnesses, a crime laboratory chemist. However, defendant's failure to interpose a timely objection at trial precludes consideration of an objection raised for the first time on appeal. *Hardeman v. State*, 252 Ga. 286, 288 (2) (313 SE2d 95).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 9, 1984 —
REHEARING DENIED NOVEMBER 16, 1984.

*William Ralph Hill, Jr., William D. Hentz*, for appellant.
*David L. Lomenick, Jr., District Attorney, David L. Whitman, Assistant District Attorney*, for appellee.