DUBINA, Circuit Judge:
 

 After finding that the petitioner’s federal habeas corpus petition alleged instances of ineffective assistance of counsel that were not alleged in his state court post-conviction motion, the United States District Court for the Southern District of Florida dismissed the petition as a mixed petition containing both exhausted and unexhaust-ed state claims. While we agree with the district court’s statement of the law, we disagree with the court’s analysis and its finding that the petitioner alleged only one instance of ineffective assistance of counsel in state court. As a result, we vacate the district court’s order and remand the case to the district court for further proceedings consistent with this opinion.
 

 I. BACKGROUND
 

 Petitioner William Footman (“Footman”) was convicted of felony murder in Florida in 1981 and sentenced to life imprisonment. He appealed his conviction and sentence to the Florida District Court of Appeals, alleging as error that the trial court improperly communicated with the jury without notifying counsel for the parties. The state court of appeals affirmed Footman’s conviction.
 

 Footman then filed a pro se motion for post-trial relief in Florida state court pursuant to Florida Rule of Criminal Procedure 3.850 based upon a claim of ineffective assistance of counsel. The motion, however, is missing from the state court record.
 
 [1]
 
 The Florida trial court denied Footman’s Rule 3.850 motion without a hearing in an order addressing one instance of ineffective assistance of counsel,
 
 [2]
 
 and the Florida District Court of Appeals affirmed.
 

 Footman then filed a pro se habeas corpus petition in the United States District Court for the Southern District of Florida. The district court referred the petition to a magistrate judge for the purpose of issuing a report and recommendation. In his report, the magistrate judge listed the grounds for relief asserted by Footman in his petition as follows:
 

 
 *1209
 
 1. The trial court erred in communicating with the jury, in response to the jury’s request for the written instruction, without prior notification or consultation with the counsel for the' parties.
 

 2. Ineffective assistance of counsel:
 

 a. Counsel failed to object to the state’s use of rebuttal witnesses whose names were not on the witness list.
 

 b. Counsel failed to contemporaneously object to the erroneous instructions given to the jury on reinstruction.
 

 c. Counsel failed to request that the jury instructions be written.
 

 d. Counsel should have closed his case at the close of the state’s case, which would have entitled the defendant/petitioner to a verdict of acquittal.
 

 e. Counsel did not render any type of assistance, such as seeking a reduced charge or vigorously seeking a plea bargain that would have been in the best interest of the petitioner.
 

 Rl-1-5-6.
 

 The magistrate judge found that since the state trial court’s order addressed only one instance of ineffective assistance of counsel, allegation 2(d) of his federal petition, Footman had raised only the single instance in state court. The magistrate judge cited
 
 Anderson v. Harless,
 
 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982), and
 
 Hutchins v. Wainwright,
 
 715 F.2d 512, 519 (11th Cir.1983),
 
 cert. denied,
 
 465 U.S. 1071, 104 S.Ct. 1427, 79 L.Ed.2d 751 (1984), for the proposition that issues raised in a federal habeas petition must have been fairly presented to the state courts and thereby exhausted before the district court may evaluate a habeas petition on the merits. The magistrate judge went on to determine that Footman had exhausted only his claim of improper communication with the jury and one of his factual allegations for his claim of ineffective assistance of counsel, allegation 2(d) of his federal petition. Since there was no indication that Footman had raised the remaining four factual allegations in his state court post-conviction proceedings, the magistrate judge determined that they were unexhausted claims. As Footman s federal habeas corpus petition contained both exhausted and unexhausted state claims, the magistrate judge recommended that it be dismissed pursuant to
 
 Rose v. Lundy,
 
 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).
 

 The district court adopted the magistrate judge’s report and recommendation and dismissed Footman’s petition for habeas relief. Footman then perfected this appeal.
 

 II. DISCUSSION
 

 In analyzing Footman’s habeas petition we must evaluate whether he exhausted his state court remedies. Exhaustion is critical because a federal, court can not grant a writ of habeas corpus to a state prisoner “unless it appears that the applicant has exhausted the remedies available in the courts of the State____” 28 U.S.C. § 2254(b). Since we agree with the district court that Footman exhausted his claim of improper communication with the jury, the only remaining issue is whether he exhausted his claim of ineffective assistance of counsel.
 

 A.
 

 In analyzing exhaustion in this case, we must determine first whether a federal court can evaluate a habeas petition if the petitioner did not raise in his state court post-conviction motion all of the instances of ineffective assistance of counsel that he raises in his federal habeas corpus petition. The district court adopted the magistrate’s finding that all factual allegations supporting a claim of ineffective assistance must be raised initially in state court before they can be raised in federal court. We make a plenary review of a district court’s legal conclusions in a habeas proceeding.
 
 See Lusk v. Dugger,
 
 890 F.2d 332, 336 (11th Cir.),
 
 cert. denied,
 
 497 U.S. 1032, 110 S.Ct. 3297, 111 L.Ed.2d 805 (1990).
 

 We have previously addressed the issue of whether a federal court can review a federal habeas corpus petition that contains more instances of ineffective assistance of counsel than the petitioner raised in his state court proceedings. In
 
 Brand v.
 
 
 *1210
 

 Lewis,
 
 784 F.2d 1515 (11th Cir.1986) (per curiam), we held that the district court’s dismissal of a petition for writ of habeas corpus could not rest on the fact that the petitioner raised two more instances of ineffective assistance of counsel in his federal petition than he had raised at the state level.
 
 Id.
 
 at 1517. In
 
 Brand
 
 we stated that “[fjailure to enumerate all instances of attorney error [in state court proceedings] does not preclude appellate review.”
 
 Id.
 

 The holding of
 
 Brand
 
 is contrary to an earlier holding of the Fifth Circuit in
 
 Beavers v. Balkcom,
 
 636 F.2d 114, 116 (5th Cir. Unit B 1981).
 
 [3]
 
 In that case the court held that exhaustion was required where a general claim of ineffective assistance of counsel had been presented to the state court but the specific claim of ineffectiveness raised in the federal petition had not been presented. While the court did not specify how Beavers’ state petition and federal petition differed, on its face the case seems to be in direct conflict with
 
 Brand.
 

 The apparent conflict between
 
 Brand
 
 and
 
 Beavers
 
 would have to be resolved if not for a recent Supreme Court decision. In
 
 Keeney v. Tamayo-Reyes,
 
 — U.S. —, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992), the Court determined the standard a federal court should use when deciding if a habeas corpus petitioner should get an evidentiary hearing after he failed to develop a material fact in his state court proceedings. Several years earlier the Court established six circumstances when a federal court must grant a habeas corpus petitioner an evidentiary hearing, the fifth of which was when “the material facts were not developed at the state-court hearing.”
 
 Townsend v. Sain,
 
 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). The
 
 Townsend
 
 Court held that a habeas corpus petitioner would not be entitled to a hearing if his failure to develop the facts was attributable to his inexcusable neglect.
 
 Id.
 
 at 317, 83 S.Ct. at 759. The Court defined inexcusable neglect by pointing to the standard for procedural default in
 
 Fay v. Noia,
 
 372 U.S. 391, 438-39, 83 S.Ct. 822, 848-49, 9 L.Ed.2d 837 (1963),
 
 overruled by Stone v. Powell,
 
 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).
 
 Townsend,
 
 372 U.S. at 317, 83 S.Ct. at 759.
 
 Fay
 
 held that a court could find inexcusable neglect only where there was a deliberate bypass of the state court procedure. 372 U.S. at 438, 83 S.Ct. at 848. The
 
 Tamayo-Reyes
 
 Court held that since the
 
 Fay
 
 standard for procedural default has changed to a cause and prejudice standard,
 
 see, e.g., Wainwright v. Sykes,
 
 433 U.S. 72, 87-88, and n. 12, 97 S.Ct. 2497, 2506-57, and n. 12, 53 L.Ed.2d 594 (1977), a federal court should apply a cause and prejudice standard to determine if a habeas petitioner should get an evidentiary hearing in federal court after he failed to develop a material fact in state court proceedings.
 
 Tamayo-Reyes,
 
 — U.S. at —, 112 S.Ct. at 1717.
 

 While the
 
 Tamayo-Reyes
 
 decision concerns the issue of when a hearing is required in a federal habeas corpus proceeding, the language the Court used to justify its decision applies to the question of exhaustion when the state court has not had the opportunity to review all of the facts presented to the federal court. The Court stated that the adoption of a standard that encourages full factual development of a claim in state court “is fully consistent and gives meaning to the requirement of exhaustion.”
 
 Id.
 
 at -, 112 S.Ct. at 1720. Noting that Congress has incorporated “[t]he requirement that state prisoners exhaust state remedies before a writ of habeas corpus is granted by a federal court” in 28 U.S.C. § 2254, the Court declared that “Congress surely meant that exhaustion be serious and meaningful.”
 
 Tamayo-Reyes,
 
 at -, 112 S.Ct. at 1720. The Court went on to state that
 

 [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court. Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair
 
 *1211
 
 opportunity to address and resolve the claim on the merits.
 

 Id.
 

 In
 
 Tamayo-Reyes
 
 the Court placed great emphasis on full factual development of a post-conviction petition in the state courts. Applying the
 
 Tamayo-Reyes
 
 language to the exhaustion situation, allowing a habeas petitioner to allege a single instance of ineffective assistance in his state post-conviction proceedings and then proceed to federal court to allege additional instances would be contrary to the state’s “full and fair opportunity to address the claim on the merits.” The state would never have the benefit of evaluating the claim using a fully developed set of facts. This would not be the “serious and meaningful” exhaustion of claims that Congress intended.
 

 In light of the
 
 Tamayo-Reyes
 
 decision, we decline to follow the
 
 Brand
 
 holding which permits a federal court to review a habeas petition when the petitioner has raised instances of ineffective assistance of counsel that he has never presented to the state court. We may decline to follow a decision of a prior panel if necessary to give full effect to a United States Supreme Court decision.
 
 United States v. Giltner,
 
 972 F.2d 1563, 1566 (11th Cir.1992);
 
 see also Lufkin v. McCallum,
 
 956 F.2d 1104, 1107 (11th Cir.1992),
 
 cert. denied,
 
 — U.S. —, 113 S.Ct. 326, 121 L.Ed.2d 246 (1992);
 
 United States v. Machado,
 
 804 F.2d 1537, 1543 (11th Cir.1986).
 

 Thus, we agree with the district court’s statement of the law that a habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously.
 
 [4]
 

 B.
 

 While we agree with the district court that a federal habeas corpus petitioner must present all instances of ineffective assistance of counsel in state court first, we do not agree with the court’s factual finding that Footman did not present all five instances in his state petition. We review the district court’s factual findings in a habeas action under a clearly erroneous standard.
 
 Cunningham v. Zant,
 
 928 F.2d 1006, 1011 (11th Cir.1991).
 

 The district court relied on the magistrate judge’s report in which the magistrate judge found that Footman alleged only a single instance of ineffective assistance of counsel in his state court post-conviction motion. Since the state court lost Footman’s motion sometime after Footman filed it, it is not part of the record for Footman’s federal habeas corpus petition. As a result, the magistrate judge relied upon the state trial court’s order denying Footman’s motion to determine what claims and allegations Footman had raised in his motion. The magistrate judge found that since Footman did not supply the district court with a copy of the motion and since the state trial court’s order addressed only one instance of ineffective assistance of counsel, Footman must have alleged only one instance of ineffective assistance of counsel in his state post-conviction motion.
 

 The magistrate judge’s finding is clearly erroneous. Neither Footman’s failure to supply the federal court with a copy of his state court motion nor the content of the
 
 *1212
 
 state trial court’s order can justify this finding. First, holding Footman responsible for not presenting a copy of his state court post-conviction motion to the federal court was incorrect because Footman fulfilled his responsibility concerning the motion by properly filing it in state court. It is plain that he filed the motion because the state court addressed the motion in its order of denial. The fate of the motion after Footman filed it was in the hands of the state court. Once Footman filed the motion in state court, the state court had responsibility for making the motion a part of the record and maintaining a copy of it. We will not require a habeas corpus petitioner, particularly one proceeding pro se in state court, to maintain copies of state court post-conviction motions in case the state court loses them.
 

 Second, the magistrate judge should not have relied upon the state trial court’s order to determine which allegations Footman presented in his state post-conviction motion. It is in no way clear from the language of the order that Footman presented only one instance of ineffective assistance of counsel in his state motion. While the state trial court’s order addresses only the one instance, the order gives no indication that that instance was the only instance Footman alleged. We are not convinced that merely because the other instances were not addressed in the order that Footman did not present them in his motion.
 

 Therefore, we hold that a district court should not place the burden on a habeas petitioner to prove what he alleged in his state court motion for post-conviction relief when the state court loses the motion through no fault of the petitioner. Furthermore, we hold that in this case the district court could not determine that a habeas petitioner did not allege certain instances of ineffective assistance of counsel in his state court post-conviction motion merely because the state court judge’s order did not address those instances.
 

 Accordingly, we vacate the district court’s order and remand this case for further proceedings consistent with this opinion.
 

 VACATED and REMANDED.
 

 [1]
 

 . The motion was never docketed and the clerk’s office for the trial court which received the motion does not have a copy. Moreover, the trial court never sent a copy of the motion to the appellate court hearing the appeal.
 

 [2]
 

 . The state trial court's "Order Denying Motion for Post-Conviction Relief” states in full:
 

 The Defendant, WILLIAM EARL FOOTMAN, has filed a Motion for Post Conviction Relief pursuant to Rule 3.850 FRCrP. All assertions of error raised by the Defendant, excepting only his claim of ineffective assistance of counsel, either were or should have been raised on his direct appeal to the Fourth District Court of Appeal and cannot now be raised in a Motion for Post , Conviction Relief. Defendant claims he had ineffective assistance of counsel because his attorney did not immediately rest the Defendant’s case upon the State announcing it had rested. He claims that the State did not present a prima facie case and that he would have been entitled to an acquittal as a matter of law, and that by putting on a defense his attorney opened the door to rebuttal by the State thereby effectively proving the State’s case. Defense counsel moved for a Judgment of Acquittal at the close of the State’s case and this Motion was denied. The defense counsel cannot be faulted for putting on a defense case and presenting to the jury all defenses available to the Defendant. His conduct in doing so is purely a matter of trial strategy and does not fall within conduct reflecting ineffective assistance of counsel. It is therefore
 

 ORDERED AND ADJUDGED that Defendant’s Motion for Post Conviction Relief be and the same is hereby denied. ■
 

 DONE AND ORDERED at Fort Pierce, St. Lucie County, Florida this 14 day of February, 1984.
 

 [3]
 

 . Decisions of the former Fifth Circuit, handed down prior to October 1, 1981, are binding precedent in this circuit.
 
 Bonner v. City of Prichard,
 
 661 F.2d 1206, 1209 (11th Cir.1981)(en banc).
 

 [4]
 

 . We decline to address the continuing vitality of the doctrine that a petitioner need not present all instances of ineffective assistance of counsel to the state court before proceeding to federal court when the state court has reviewed the entire record to evaluate the ineffective assistance claim.
 
 See, e.g., Vela v. Estelle,
 
 708 F.2d 954 (5th Cir.1983),
 
 cert. denied sub nom., McKaskle v. Vela,
 
 464 U.S. 1053, 104 S.Ct. 736, 79 L.Ed.2d 195 (1984). The doctrine does not apply to Footman’s case because the state court summarily denied Footman’s motion without necessarily evaluating the entire record. A Florida state court does not have to evaluate the entire record if the claim of ineffective assistance of counsel is insufficient,
 
 Brumley v. State,
 
 224 So.2d 447, 449 (Fla.Dist.Ct.App.1969), so we will not make the inference suggested by Footman that the state court evaluated the entire record in this case. Furthermore, the requirement that a court must consider the totality of the evidence when evaluating ineffective assistance of counsel,
 
 see, e.g., Strickland v. Washington,
 
 466 U.S. 668, 695, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984), is unavailing for Footman because it is a requirement for federal, not state court review.