PER CURIAM:
 

 The district court dismissed Larry Givens’s 28 U.S.C. § 2254 petition without prejudice because it included unexhausted claims. Givens appeals, challenging that, dismissal. We affirm.
 

 I.BACKGROUND
 

 Givens was convicted in Georgia of felony murder and criminal attempt to commit armed robbery. On direct appeal, his counsel filed an
 
 Anders
 
 brief and the appeal was dismissed as frivolous.
 
 Givens v. State,
 
 251 Ga. 346, 305 S.E.2d 589 (1983). Thereafter, proceeding pro se, Givens filed a petition for a writ of habeas corpus in the Superior Court of-Baldwin County, Georgia.
 
 [1]
 
 - Following two evidentiary hearings, the state habeas court vacated Givens’s conviction for criminal attempt to commit armed robbery, holding that the offense merged with Givens’s felony murder conviction.
 
 [2]
 
 However, Givens’s challenge of his felony murder conviction was rejected.
 
 [3]
 
 The Supreme Court of Georgia declined to review that denial.
 
 [4]
 

 Givens then filed a petition for federal habeas relief. In that petition, Givens’s claims include the following:
 
 [5]
 

 4. Ineffective assistance of counsel;
 

 a. Counsel failed to conduct an inde- , pendent examination of the facts;
 

 b. Counsel failed to interview state and defense witnesses;
 

 c. Counsel failed to file any pretrial motions;
 

 d. Counsel failed to raise proper defenses;
 

 e. Counsel failed to know facts of case;
 

 f. Counsel failed to investigate potential defenses;
 

 g. Counsel failed to prepare petitioner to take the stand in his own defense;
 

 h. Counsel failed to object to prejudicial and inflammatory comments made by trial judge, district attorney and police officer;
 

 i. Trial counsel was inhibited and prohibited from giving petitioner effective assistance of counsel due to community pressure and news media;
 

 j. Counsel failed to effectively operate . during the
 
 Jackson v. Denno
 
 hearing or properly object or properly conduct cross-examinations during said hearing;'
 

 k. Counsel failed to challenge a taped . statement made by petitioner;
 

 l. Counsel impeached his own witnesses;
 

 m. Trial counsel failed to object to
 
 Miranda
 
 violations and to illegal sentencing;
 

 n. Trial counsel faded to call petitioner’s witnesses to trial;
 

 o. Trial counsel failed to appeal petitioner’s case to the court of appeals; and
 

 
 *1043
 
 p. Trial counsel failed to adequately challenge the testimony regarding a confession made by petitioner while in police custody and- to adequately cross-examine detectives regarding said confession.
 

 12. Trial court erred in allowing petitioner’s typed and tape recorded statement to be admitted into evidence;
 

 14. Petitioner’s codefendant’s guilty plea was improperly announced before the jury;
 

 15. Improper jury charge on criminal attempt;
 

 16. Improper jury charge regarding co-defendant’s plea of guilty;
 

 17. Trial judge erroneously admitted a videotape of the crime scene;
 

 18. Photographs of the deceased were inflammatory and improperly admitted for the jury’s consideration.'
 

 (R.2-11 at 4-6). The magistrate judge filed a report and recommendation recommending that Givens’s petition be dismissed as a mixed petition containing both exhausted and unexhausted claims and that Givens be given the option of proceeding only on his exhausted claims. (R.2-11). Givens filed a response to that recommendation declining to amend his petition to delete his unexhausted claims. (R.2-12). Pursuant to Givens’s election not to amend his petition, the magistrate judge entered a second report and recommendation recommending that Givens’s petition be dismissed without prejudice as a mixed petition containing unexhausted claims. (R.2-13). The magistrate judge concluded that Givens failed to exhaust claims 4(h),- (i), (j),' (l) and (p); 12; 14; 15; 16; 17 and 18. (R.2-13). The district court adopted the magistrate judge’s second report and recommendation and dismissed Givens’s petition without prejudice to enable him to pursue state remedies.
 
 (Id.).
 

 II.ISSUE ON APPEAL
 

 In this opinion we address the following issue: Whether the district court erred in dismissing Givens’s petition- as a mixed petition including both exhausted and unexhaust-ed claims.
 

 III. STANDARD OF REVIEW
 

 We make a plenary review of legal conclusions and apply the clear error standard to all factual findings.
 
 Jacobs v. Singletary,
 
 952 F.2d 1282, 1287 (11th Cir.1992). We also make a plenary review of mixed questions of law and fact in a habeas proceeding.
 
 Lusk v. Dugger,
 
 890 F.2d 332, 336 (11th Cir.),
 
 cert. denied,
 
 497 U.S. 1032, 110 S.Ct. 3297, 111 L.Ed.2d 805 (1990).
 

 IV. CONTENTIONS OF THE PARTIES
 

 Givens advances two arguments to support his contention that the district court erred in dismissing his petition. First, he argues that all his claims were presented in his state habeas proceedings. Second, Givens contends that even if some of his claims were unexhausted, such claims fall within the futility exception to the exhaustion requirement. The State of Georgia contends that Givens did not exhaust all of his claims in state court and that the district court correctly dismissed Givens’s petition as a mixed petition.
 

 V. DISCUSSION
 

 A habeas petition containing both unexhausted and exhausted claims must be dismissed.
 
 Rose v. Lundy,
 
 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982). Givens asserts that he did exhaust all his claims in state court and that the district court erred in dismissing his petition-as a mixed petition. Relying on
 
 Brand v. Lewis,
 
 784 F.2d 1515 (11th Cir.1986), Givens contends that the failure to enumerate all instances of ineffective assistance of counsel in state habeas proceedings does not preclude consideration of such instances in a federal habéas petition. Givens’s reliance on
 
 Brand
 
 is misplaced. In
 
 Footman v. Singletary,
 
 978 F.2d 1207 (11th Cir.1992), this court concluded that
 
 Brand
 
 was no longer viable in light of
 
 Keeney v. Tamayo-Reyes,
 
 — U.S.-, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992), and held “that a habeas petitioner may not present instances of ineffective assistance of counsel
 
 *1044
 
 in his federal petition that the state court has not evaluated previously.”
 
 Id.
 
 at 1211;
 
 see also Mathis v. Zant,
 
 975 F.2d 1493 (11th Cir.1992).
 

 Upon review of the record, we conclude that the magistrate judge erred in concluding that Givens .did not present claims 4(i), CD, (l), and (p) in his state habeas proceedings. According to
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in order to state a claim of ineffective assistance of counsel, “the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is rehable.”
 
 Id.
 
 at 687, 104 S.Ct. at 2064. Givens’s claim 4(i), asserting that trial counsel’s representation was “chilled” by community pressure and news coverage, does not state a claim of ineffective assistance of counsel under
 
 Strickland.
 
 Hence, Givens’s failure to present claim 4(i) in his state habeas proceedings does not render his petition mixed. As to claim 4(1), wherein Givens asserts that trial counsel impeached his own witness, the state habeas court recognized that Givens orally amended his petition to incorporate that claim and explicitly rejected that claim on the merits.
 
 [6]
 
 In addition, Givens’s claims 4(j) and 4(p), relating to the voluntariness of Givens’s confession, were clearly addressed by the state habeas court.
 
 [7]
 
 Regardless, we do find that claim 4(h), asserting that trial counsel failed to- object to certain prejudicial and inflammatory comments, was never presented in Givens’s state habeas proceedings. Thus, Givens’s petition contains an unexhausted claim of ineffective assistance of trial counsel.
 

 The magistrate judge also found that claims 12, 14, 15, 16, 17, and 18 were not previously presented in his state habeas proceedings. Upon review of the record, it appears that Givens did present claim 12 in his state habeas petition.
 
 [8]
 
 With respect to claims 14 through 18, we conclude that Givens never presented those claims in his state habeas proceedings and as a conseqúence they are unexhausted.
 

 Givens contends that even if some of these claims (14 through 18) are unexhausted, such claims fall within the “futility exception” to the exhaustion requirement. That is, where further resort to state courts would be futile, the exhaustion requirement is satisfied.
 
 See Allen v. Alabama,
 
 728 F.2d 1384, 1387 (11th Cir.1984).
 

 In his response to the motion to dismiss his habeas petition, Givens seemingly argues that claims 14 through 18 were procedurally defaulted due to the ineffectiveness of appellate counsel. (R.2-11 at 14-19). His argument suggests that there is “cause,” therefore, to excuse this procedural default. It may well be that claims 14 through 18, or some of them, are proeedurally barred. Given the fapt that Givens’s position in the district court fell short of conceding that Georgia will not excuse these procedural defaults, we will not now entertain this argument.
 
 See Depree v. United States,
 
 946 F.2d 784, 793 (11th Cir.1991) (holding that we do not consider an issue that was not raised in district court but raised for the first time on appeal). Accordingly, we find no error in the district court’s determination that Givens failed to demonstrate that his unexhausted claims fell within the futility exception to the exhaustion requirement.
 

 VI. CONCLUSION
 

 For the foregoing reasons, we AFFIRM the district court’s dismissal without prejudice of Givens’s petition for a writ of habeas corpus.
 

 AFFIRMED.
 

 [1]
 

 . Application for Writ of Habeas Corpus; R.l-9.
 

 [2]
 

 . Final Order of the Superior Court of Baldwin County, Georgia at 24; R.l-9.
 

 [3]
 

 .
 
 Id.
 

 [4]
 

 . The Supreme Court of Georgia’s Order regarding Givens's Application for Probable Cause to Appeal; R.l-9.
 

 [5]
 

 . In his petition, ‘ Givens enumerates eleven claims. (R.l-2). The state, in its response to Givens’s petition, delineates eighteen separate grounds which could be gleaned from Givens's pro se petition. (R.l-9). The district court treated the petition as setting forth eighteen separate claims. (R.2-11). We use the district court's list of claims and its numbers.
 

 [6]
 

 . Final Order of the Superior Court of Baldwin County, Georgia at 8, 11; R.l-9.
 

 [7]
 

 .
 
 Id.’
 
 at 2-4, 9.
 

 [8]
 

 .Application for Writ of Habeas Corpus at 10, R.l-9.