Ronald K. GRUBBS, Petitioner,

v.

Harry K. SINGLETARY, Secretary, Department of Corrections, State of Florida, Respondent.

No. 92–1218–Civ–T–17C.

United States District Court, M.D. Florida, Tampa Division.

July 11, 1995.

Stuart C. Markman, James E. Felman, Kynes & Markman, Tampa, FL, for petitioner Ronald Keith Grubbs.

Brenda S. Taylor, Atty. Gen. Office, Dept. of Legal Affairs, Tampa, FL, for respondent Harry K. Singletary, Jr.

### ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on a Report and Recommendation ("R & R") (Docket No. 37) and Petitioner's Objections thereto (Docket No. 39). The R & R recommends denial of the petition for a writ of habeas corpus. Petitioner is a state prisoner who filed for habeas relief in this Court pursuant to Title 28, United States Code, Section 2254. This Court, under authority of 28 U.S.C. Section 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 6.02, Local Rules of the Middle District of Florida, referred the petition to United States Magistrate Judge Elizabeth A. Jenkins for all proceedings up to and including the issuance of an R & R.

Section 636(b)(1) states that any party to an R & R may file written objections to the report's proposed findings and recommendations. It further states that "a judge shall make a *de novo* determination of those portions of the specified proposed findings or recommendations to which objection is made." *Gropp v. United Airlines, Inc.*, 817 F.Supp. 1558, 1560 (M.D.Fla.1993). With respect to those findings of the Magistrate Judge not objected to by the parties, this Court has held that the clearly erroneous standard applies. *Id.* at 1562.

### Facts

Petitioner Ronald K. Grubbs was convicted on or about May 17, 1988, of two counts of committing a lewd and lascivious act on a child and capital sexual battery involving a child under twelve (12) years. The victim, Veronica Rene Daggett ("Rene"), was a friend of Sunny Russ, the daughter of Astrid Russ. Both Astrid and Sunny were living with Grubbs at the time of the alleged offenses.

According to a videotaped statement by the victim, Petitioner carried her into Sunny's bedroom, where he committed the alleged offenses, after she had fallen asleep next to Sunny on a couch in an adjacent room. At trial, Veronica testified that Petitioner touched her breasts, pulled her underwear down, touched her vagina with his hand and "put his finger in her bottom". She testified that she then hit Grubbs in the face and ran out of the room. She told Sunny what had happened and told her not to tell anyone. She testified that the offense happened in July or August 1987, and occurred on a conventional single bed with a mattress (T 19–30).

Prior to trial, defense counsel filed a motion for a statement of particulars and the prosecution responded by stating that the offense occurred in 1987. At trial, pursuant to defense counsel's request, the court ruled that the state would have to prove that the offense occurred in July or August, 1987. Although July or August, 1987 were the dates specified in the second amended information, the original information had listed July, 1986 as the time of the alleged crime, and investigative documents pertaining to the case had variously listed times between 1985 to 1987.

Given the disparity in dating the crime, defense counsel attempted to prove that a waterbed, rather than a conventional bed as alleged by Rene, was in Sunny's room when the alleged offense took place.

Sunny Russ testified on both direct and cross-examination that Rene had told her details about the alleged offense. Similarly, Astrid Turner testified concerning what Sunny had revealed to her about her (Sunny's) conversations with Rene. And Aubrey Turner (Rene's father) testified about his conversation with Astrid about the same subject.

In its opening statement, defense counsel raised as a theory of the case that Rene's allegations were prompted by a conversation she had earlier with a girl named Kathleen Briley, a friend of hers and Sunny. Defense counsel elicited the details of this story, that Grubbs had once woken Kathleen when she was staying over at his house and asked her to kiss him, through direct examination of Astrid.

### Procedural History

Petitioner Grubbs was tried in the Twelfth Judicial Circuit, in and for Manatee County, Florida. He received a sentence of life imprisonment with a twenty-five (25) year minimum mandatory term on the sexual battery charge and a concurrent fifteen (15) year term on the other charges. The trial court denied a motion for a new trial on June 15, 1988.

On November 2, 1988, an assistant public defender, Andrea Steffen, filed an appeals brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Pursuant to *Anders*, Steffens re-quested permission from the Second District Court of Appeals to withdraw as counsel of record on the grounds that there were no reversible errors committed during the trial, but did direct to the court's attention four arguable grounds for appeal. After the *Anders* brief was filed, the State filed an answer, and Grubbs filed a *pro se* reply brief. In a *per curiam* decision filed June 28, 1989, the Second District Court of Appeals affirmed Grubbs' conviction without issuing an opinion.

On September 21, 1989, Grubs filed a *pro se* Petition for a Writ of Habeas Corpus in the Second District Court of Appeals, which was denied the same month. On April 6, 1990, he filed *pro se* his first Petition for a Writ of Habeas Corpus in this court which dismissed the petition without prejudice for failure to exhaust the issues raised in state court. Thereafter, Grubbs returned to state court, filing a second state court Habeas Petition in the Second District Court of Appeals which was denied January 24, 1991.

On June 26, 1991, this Court dismissed his second federal court Habeas petition, without prejudice, after Grubbs requested permission to withdraw the petition so as to pursue his unexhausted claims in the state courts.

Thereafter, on July 5, 1991, Grubbs' filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. This motion was denied by the trial court without an evidentiary hearing, and the denial was affirmed by the Second District Court of Appeals without an opinion.

On August 25, 1992, counsel for Petitioner Grubbs filed a third federal Petition for a Writ of Habeas Corpus, claiming four (4) grounds for relief. Grounds I and II asserted the violation of Grubbs' sixth amendment right to effective assistance of counsel at the trial level. Grounds III and IV alleged ineffective assistance of appellate counsel and failure to comply with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by both Grubbs' appellate counsel and the state appellate court itself.

A United States Magistrate Judge entered a Report and Recommendation on October

15, 1993, again recommending dismissal without prejudice, based on the court's finding that Grubbs had still not exhausted state remedies with respect to Grounds II and IV of his petition. Thereafter, Grubbs filed a motion for reconsideration of the Report and Recommendation and, based on the submissions of the parties, the Report and Recommendation was withdrawn because the parties agreed that Grounds II and IV of the petition had been procedurally defaulted.

After the withdrawal of the Report and Recommendation, the Magistrate Judge ordered an evidentiary hearing on all four grounds for relief. In the hearing, held on April 21, 1994, Grubbs argued that he had properly shown cause and prejudice for his default with respect to Grounds II and IV. The parties also argued the merits of all claims.

Following the evidentiary hearing, ·the Magistrate Judge entered a new Report and Recommendation, denying Habeas relief. The Magistrate Judge recommended a finding that Grubbs failed to show adequate cause for his procedural defaults in Grounds II and IV, and failed to demonstrate a constitutional violation with respect to grounds I and III.

Grubbs objects to the conclusions of the *Report and Recommendation.* With respect to Grounds II and IV, he asserts that he has shown adequate cause for his procedural failure to present his claims to the state courts. As to Ground III, he claims an *Anders* violation by his appellate counsel representing a violation of his sixth amendment right to counsel. Since Grubbs presents no objections to the Magistrate Judge's conclusion that he failed to demonstrate constitutional inadequacy of trial counsel in his Ground I claims, the Court adopts the Magistrate Judge's recommendations as to Ground I.

■ To be entitled to habeas corpus relief, a state prisoner must normally establish that he has exhausted state remedies, i.e., that he has "fairly presented" to the state courts the "substance" of his federal claim. *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982), *Picard v. Connor,* 404 U.S. 270, 277–278, 92 S.Ct. 509, 513–514, 30 L.Ed.2d 438 (1971). If he fails to exhaust state remedies, his petition must be dis-

missed without prejudice pursuant to *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). On the other hand, if he fails to present his claims to the state courts in a timely manner, and procedurally defaults the claims, the prisoner must show "cause" and "prejudice" before he can be entitled to habeas corpus relief. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

### Ground II—Ineffective Assistance of Counsel.

■ Grubbs' alleges two (2) general categories of ineffective assistance of counsel at the trial level. The first category concerns the introduction by defense counsel of testimony that Grubbs had committed a prior similar bad act, the alleged attempt by Grubbs to kiss Kathleen Brier, a friend of Rene. After defense counsel "opened the door" by eliciting this testimony through his own witness, Petitioner asserts the prosecution exploited the evidence in cross-examination and final argument, and brought in the alleged victim of the prior bad act as a rebuttal witness. The defense never objected to the prosecution's use of the evidence, and never followed through on the premise of its opening statement, that it would develop a coherent theory to explain, through trial testimony, how Kathleen's alleged statement influenced Rene.

The second category consists of instances where the defense failed to object when the prosecution elicited hearsay testimony recounting the victim's version of the offense, and elicited similar hearsay testimony on its own.

A petitioner asserting ineffective assistance of trial counsel must bear the difficult burden of establishing that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In *Strickland,* the Court announced a two part test for considering such claims, holding that a petitioner must establish: (1) that counsel's performance was deficient; and (2) that the deficient performance preju-

diced the defense. *Id.* at 687, 104 S.Ct. at 2064.

Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

The standard for performance of counsel is that of reasonably effective assistance in light of all the circumstances, *Id.* at 689, 104 S.Ct. at 2065, but the reviewing court must make "every effort to eliminate the distorting effects of hindsight ... [so as] to evaluate the conduct from counsel's perspective at the time." *Id.* The petitioner must overcome a presumption that the challenged action was employed for strategic or tactical reasons. *Id.* Moreover, this circuit amplified the *Strickland* requirements in its holding that effective assistance does not necessarily mean errorless assistance and that counsel's record must be judged in light of the entire record rather than specific actions. *Green v. Zant,* 738 F.2d 1529, 1536 (11th Cir.), *cert. denied,* 469 U.S. 1098, 105 S.Ct. 607, 83 L.Ed.2d 716 (1984).

Although Grubbs raised the issue of ineffective assistance of counsel in the state court in his Rule 3.850 motion, he did not assert the particular instances of ineffective assistance alleged in the habeas petition at issue here. As noted earlier, in order to be entitled to habeas relief, a petitioner must exhaust state remedies, i.e. he must show that he has "fairly presented" to the state courts the "substance" of his federal claim. *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982).

In a series of decisions which include *Keeney v. Tamayo–Reyes,* 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992), the Supreme Court has fleshed out the content of the exhaustion requirement with respect to both procedural and substantive issues. In particular, *Tamayo–Reyes* allows federal courts to deny an evidentiary hearing to any habeas petitioner who is unable to show "cause and prejudice" for his failure to fully develop issues of material fact in prior state proceedings. This "cause and prejudice" standard had been applied by the court earlier only in

reference to purely procedural defaults, i.e. a state's denial of a petitioner's claim because of his failure to raise it in a time frame in accordance with the state's rules of procedure. See, for example *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1972).

The Magistrate Judge would deny Grubbs petition on the ground that he failed to meet the burden of proving cause and prejudice on the basis of a standard derived from *Tamayo–Reyes,* as announced by the Eleventh Circuit in *Footman v. Singletary,* 978 F.2d 1207 (11th Cir.1992).

In *Footman,* the Eleventh Circuit overturned a district court ruling on the narrow facts of the case, but upheld the lower court's finding that a habeas petitioner is normally required to present in state court all instances of ineffective counsel he later presents in federal court. The *Footman* court, in discussing the relationship between *Tamayo–Reyes* and the facts of its case, said:

> In *Tamayo–Reyes* the [Supreme] Court placed great emphasis on full factual development of a post-conviction petition in the state courts. Applying the *Tamayo–Reyes* language to the exhaustion situation, allowing a habeas petitioner to allege a single instance of ineffective assistance in his state post-conviction proceedings and then proceed to federal court to allege additional instances would be contrary to the State's "full and fair opportunity to address the claim on the merits". The State would never have the benefit of evaluating a claim using a fully developed set of facts. This would not be the "serious and meaningful" exhaustion of claims that Congress intended [when it enacted the federal habeas statute].

*Id.* at 1211.

▄ As the Magistrate Judge has suggested, the holding in *Footman* would appear to require a ruling that Grubbs failed to meet the burden of giving to the state its "full and fair opportunity to address the case on the merits". If so, Grubbs has either failed to exhaust his state claims or procedurally defaulted. However, Florida courts follow the rule that where an initial motion for post-conviction relief raises a claim of ineffective

assistance of counsel, successive motions raising additional grounds may be denied. See, e.g., *Spaziano v. State,* 545 So.2d 843, 844–845 (Fla.1989); *Card v. Dugger,* 512 So.2d 829, 830–831 (Fla.1987). (See also Florida Rule of Criminal Procedure 3.850(f): "A second or successive motion may be dismissed ... if new and different grounds are alleged, [and] the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.") Since federal habeas courts must respect state procedural rules (see, e.g. *Lindsey v. Smith,* 820 F.2d 1137, 1144 (11th Cir.1987), *cert. denied,* 489 U.S. 1059, 109 S.Ct. 1327, 103 L.Ed.2d 595 (1989)), it follows that this Court must proceed on the assumption that Grubbs has procedurally defaulted his state claim.

█ If Grubbs has defaulted, he is subject to the requirements of *Wainwright v. Sykes* and must show cause and prejudice to obtain review on the merits of his claim of ineffective assistance of trial counsel. Although Grubbs cites *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) for the proposition that ineffective assistance of appellate counsel will satisfy the *Sykes* cause requirement, *Murray* goes on to say that the exhaustion of state remedies requirement generally demands that a *Strickland* claim to excuse a default must first be presented to the state courts as an independent claim. *Id.* at 488, 489, 106 S.Ct. at 2645, 2646. Thus Grubbs' failure to assert all instances of ineffective assistance of trial counsel at the state court level will not be excused by the alleged inadequacies of his appellate attorney. Furthermore, as the Magistrate Judge points out, there is no logical connection between Grubbs' failure to assert his claims in his 3.850 motion and anything the appellate attorney may have done or failed to do in her *Anders* brief.

Although *Footman* follows *Tamayo–Reyes* in arguing that all instances of ineffective assistance of trial counsel should be laid out at the state court level, dicta in *Footman* leaves open a possible alternative to these stringent requirements. According to the court, "[w]e decline to address the continuing vitality of the doctrine that a petitioner need not present all instances of ineffective assis-

tance of counsel to the state court before proceeding to federal court when the state court has reviewed the entire record to evaluate the ineffective assistance claim. See, e.g. *Vela v. Estelle,* 708 F.2d 954 (5th Cir. 1983), *cert. denied sub nom., McKaskle v. Vela,* 464 U.S. 1053, 104 S.Ct. 736, 79 L.Ed.2d 195 (1984)." *Footman* at 1211, n. 4. Grubb asserts that, like the habeas petitioner in *Vela,* all of his federal allegations of ineffective assistance of counsel were "readily discernible from the review of the entire record which the [state] court was obligated to carry out." *Vela* at 960. Even if that is true, however, there is no indication that the state court did more than review the entire trial record for the express purpose of evaluating Grubbs' specific claims. Unlike the situation in *Vela,* the Florida court made no affirmative findings that petitioner received effective assistance of counsel based on its review. Therefore this Court adopts the Magistrate Judge's recommendation as to Ground II.

### *Ground III and IV—Anders Violation*

Petitioner argues in Grounds III and IV that his appellate attorney and the Florida court of appeals failed to comply with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although Respondent argues that Ground IV is procedurally defaulted and the Magistrate Judge concurs with this evaluation, Grounds III and IV are effectively linked since both refer to the procedural requirements of Anders.

█ *Anders* provides a procedure whereby a court-appointed appellate attorney may withdraw from representation of a client whose claims, in the attorney's opinion, are entirely frivolous. *Anders* allows the attorney to seek permission from the court to withdraw, but only if he accompanies his request by a "brief referring to anything in the record that might arguably support the appeal." *Anders* at 744, 87 S.Ct. at 1400. In performing this task, and even though he believes his client's case is without merit, the attorney is still obliged to remain within the role of advocate. "The constitutional requirement of substantial equality and fair process can only be attained where counsel

acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae." *Id.* The Eleventh Circuit has amplified these requirements in stating, "at this stage of the proceeding it is not for the lawyer to act as an unbiased judge of the merit of particular grounds for appeal. He or she is required to set out *any* irregularities in the trial process or other potential error which ... [might] be arguably meritorious." *United States v. Blackwell,* 767 F.2d 1486, 1487–1488 (11th Cir.1985) (emphasis in original).

 Petitioner asserts that, although appellate counsel raised four (4) arguable grounds for appeal pursuant to *Anders,* she failed to argue these grounds in the manner of an advocate as *Anders* requires. For example, appellate counsel's first issue, which concerns whether trial court erred in failing to grant Grubbs' motion for a directed verdict, contains no trial testimony whatsoever favorable to Grubbs' case. It fails to mention that two (2) witnesses (Astrid and Sunny Russ) testified that the crime could not have taken place during the time period named in the amended information, nor that Grubbs had denied the offense on the witness stand.

Similarly, the third issue, concerning the trial judges' denial of Grubbs' motion for a new trial, fails to mention that Grubbs' motion—which concerned his attempt to "establish that a photograph introduced into evidence at trial had been taken in December 1986"—had significant evidentiary value. The photograph, if an accurate date for it could be established, would buttress the defense argument that the crime, which Veronica testified had taken place on a conventional bed in Sunny's room, could not have occurred in that manner because Sunny's conventional bed had been replaced by a waterbed by the time of the alleged offense.

Petitioner further asserts that appellate counsel failed to raise ineffective assistance of trial counsel as an arguable ground for appeal, and that this in itself constitutes a violation of *Anders.* Petitioner presented an expert witness at the evidentiary hearing who testified that, although "99 percent of these kinds of claims ... are not susceptible to a direct appeal", the facts of the present case constitute an exception since all instances of ineffective assistance of counsel are in the record. (Docket 32, p. 73). The witness testified that appellate counsel's failure to raise in her *Anders* brief the failure by trial counsel to object to the admission of hearsay and double hearsay testimony recounting Rene's story of the alleged crime fell "below the standard of a reasonably effective appellate counsel". (Docket 32, p. 73). He also testified that the introduction of Kathleen Briley's prior bad act testimony, regardless of the rationale, could not be characterized as a "[defense] strategy that fails, this is not a strategy." (Docket 32, p. 91).

This Court disagrees with the Magistrate Judge and agrees with Petitioner that appellate counsel's *Anders* brief fell below the standard of a reasonably effective appellate counsel.[1] Although Petitioner's claim of ineffective assistance of trial counsel (Ground II) was procedurally defaulted, this Court has reviewed the trial transcript as part of its *de novo* review of the R & R. The Court also reviewed Petitioner's Objections to the R & R, and the transcript of the evidentiary hearing.

The Court concludes that the failure of trial counsel to object to hearsay, his eliciting of hearsay testimony implicating the accused on direct examination, and introduction of prior bad act evidence against Grubbs, all constitute instances of ineffective assistance of trial counsel. More specifically, however, they constitute a violation of the require-

---

1. Appellate counsel's first arguable issue in her *Anders* brief reads in its entirety, "[w]hen a defendant moves for a judgment of acquittal he admits all facts in evidence adduced and every conclusion to the state reasonably inferred therefrom. *Garmise v. State,* 311 So.2d 747 (Fla. 3d DCA 1975), *cert. denied,* 429 U.S. 498 [998], 975 [97] S.Ct. 524, 50 L.Ed.2d 608 (1976). The evidence presented by the state through Veronica Daggett was that she was eleven years old when

Appellant had touched her breasts and vaginal area and inserted his finger into her rectum."

The appellate counsel's juxtaposition of the evidence most damaging to Grubbs with a one line recitation of the relevant legal standard for a directed verdict is highly effective rhetoric, but its effect is to persuade against Grubbs' interests, not in favor of them. Her brief reads more like an *amicus* brief for the state than one for her client.

ments of *Anders.* As noted *supra, Anders* states that, when an appellate counsel requests leave to withdraw from the representation of defendant whose appeal seems to him or her frivolous, the counsel must still submit a brief advocating any arguable grounds for appeal, however tenuous.

Although Grubbs' appellate counsel submitted a brief containing four (4) arguable grounds for appeal, none of the grounds came close to even hinting at the genuine grounds for appeal which were apparent in the trial transcript.

However, that does not end the inquiry. Although the Eleventh Circuit "has applied the Supreme Court's [*Strickland v. Washington* ] test . . . to guide its analysis of ineffective assistance of appellate counsel claims", *Heath v. Jones,* 941 F.2d 1126, 1130 (11th Cir.1991), the question remains whether *Anders* violations are in fact instances of ineffective assistance of appellate counsel such as fall under *Strickland.*

In *Penson v. Ohio,* 488 U.S. 75, 84, 109 S.Ct. 346, 352, 102 L.Ed.2d 300 (1988), the Supreme Court stated,

> [O]nce a court determines that the trial record supports arguable claims, . . . the criminal appellant is entitled to representation. The [state court's] determination that arguable issues were presented by the record, therefore, created a constitutional imperative that counsel be appointed.
>
> [I]t is important to emphasize that the denial of counsel in this case left petitioner completely without representation during the appellate court's actual decisional process. This is quite different from a case in which it is claimed that counsel's performance was ineffective. . . . It is therefore inappropriate to apply either the prejudice requirement of *Strickland* or . . . harmless error analysis.

*Id.* at 88, 109 S.Ct. at 354.

The facts in *Penson* differ in several key ways from the present case. Grubbs' appellate counsel filed a brief that met the nominal requirements of *Anders,* whereas the brief filed by Penson's appellate counsel was nothing more than "a conclusory statement by the appointed attorney on appeal that the case has no merit and that he will file no brief". *Id.* Furthermore, in *Penson,* the

state appellate court itself had noted that the record contained arguable issues, something that the Florida courts did not do in this case.

Nevertheless, the resemblances between the present case and *Penson* are more fundamental than the contrasts. The brief filed by Grubbs' appellate attorney was actually less helpful to the petitioner in this case than the motion filed by Penson's attorney, and may have been affirmatively prejudicial. And, whereas the state courts failed to find any arguable grounds for appeal in the present case, this Court did.

The essential meaning of *Penson* is that "where issues of arguable merit are present, as they are here . . . appellate review cannot take place without a fully adversarial briefing by counsel." *Evans v. Clarke,* 868 F.2d 267, 269 (8th Cir.1989). And, "[b]ecause the fundamental importance of the assistance of counsel does not cease as the prosecutorial process moves from the trial to the appellate stage . . . the presumption of prejudice must extend as well to the denial of counsel on appeal." *Penson,* 488 U.S. at 88, 109 S.Ct. at 354.

Since this Court declines to accept the Magistrate Judge's recommendation that Petitioner's allegations of an *Anders* violation by his appellate counsel is without merit, it follows that Grubbs is not required to show prejudice to be entitled to a new appeal before the state appellate court. Accordingly, it is

**ORDERED** that the Report and Recommendation be **ADOPTED** and the Petitioner's Objections **OVERRULED** as to Petitioner's Ground I and Ground II claims; the Report and Recommendation be **DENIED** and the Petitioner's Objections be **SUSTAINED** as to Petitioner's Ground III and IV claims; and the Florida Second District Court of Appeals be directed to grant Petitioner the opportunity for a new appeal on the basis of his claims of ineffective assistance of trial counsel.

**DONE AND ORDERED.**