United States Court of Appeals,

Eleventh Circuit.

No. 95-3421.

Ronald Keith GRUBBS, Petitioner-Appellee, Cross-Appellant,

v.

Harry K. SINGLETARY, Jr., Respondent-Appellant, Cross-Appellee.

Aug. 29, 1997.

Appeals from the United States District Court for the Middle District of Florida. (No. 92-1218-CIV-T-17C), Elizabeth A. Kovachevich, Judge.

Before COX, Circuit Judge, KRAVITCH, Senior Circuit Judge, and STAGG[*], Senior District Judge.

COX, Circuit Judge:

Harry K. Singletary, Secretary of Florida's Department of Corrections, appeals the district court's grant of habeas relief to Ronald Keith Grubbs on his claims of ineffective assistance of appellate counsel and state court failure to comply with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Grubbs cross-appeals the district court's denial of habeas relief on his claim of ineffective assistance of trial counsel. We reverse the grant of relief and affirm the denial of relief.

## I. BACKGROUND

Grubbs was convicted in a Florida state court of committing sexual battery and lewd and lascivious acts on a child. He was sentenced to a twenty-five-year minimum mandatory term and a concurrent fifteen-year term.

The offenses occurred at Grubbs's home where the victim, Veronica Rene Daggett, was visiting her friend Sunny Russ. In a videotaped statement, Daggett testified that after she had fallen asleep next to Russ on a couch, Grubbs carried her into Russ's bedroom, touched her breasts, pulled down her underwear, touched her vagina with his hand, and "put his finger in her bottom." Daggett further testified that the offenses occurred on a conventional single bed with a mattress.

---

[*]Honorable Tom Stagg, Senior U.S. District Judge for the Western District of Louisiana, sitting by designation.

Counsel was appointed to aid Grubbs in appeal of his convictions. However, the appointed counsel moved Florida's Second District Court of Appeal for permission to withdraw on the ground that no reversible errors were committed during the trial. Pursuant to *Anders,* counsel also filed a brief directing the court's attention to four arguable grounds for appeal and provided Grubbs with a copy of the brief and the record on appeal. Grubbs in turn filed a pro se brief to supplement the *Anders* brief. The Second District Court of Appeal entered a *per curiam* order affirming the convictions without opinion. *Grubbs v. State,* 547 So.2d 1214 (Fla. 2d DCA 1989).

Grubbs then filed in the Second District Court of Appeal a pro se Petition for a Writ of Habeas Corpus alleging ineffective assistance of appellate counsel in connection with the filing of the *Anders* brief. This petition, along with a second petition alleging improper denial of a motion to supplement the record on direct appeal, was denied.

Grubbs next filed in the trial court a pro se motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 in which he alleged ineffective assistance of trial counsel. The trial court denied the motion without an evidentiary hearing and the Second District Court of Appeal affirmed without opinion.

Grubbs subsequently filed two separate petitions for habeas relief in the federal district court. After the district court dismissed both petitions without prejudice to enable Grubbs to exhaust his state remedies, Grubbs filed the habeas petition involved in this appeal.

The petition claims that (1) Grubbs's trial counsel was ineffective in failing to introduce into evidence an installment sales agreement for the purchase of a waterbed to support Grubbs's claim that he owned the waterbed on the date when the offenses were alleged to have occurred; (2) Grubbs's trial counsel was ineffective in failing to object to inadmissible hearsay testimony and in eliciting hearsay and "similar act" testimony; (3) Grubbs's appellate counsel was ineffective in filing the *Anders* brief; and (4) the Second District Court of Appeal did not comply with *Anders* when it failed to explicitly rule on appellate counsel's motion to withdraw and when it failed to make an explicit determination as to whether the appeal was frivolous.

Following an evidentiary hearing, the district court denied habeas relief as to Grubbs's first and second claims. However, it granted habeas relief as to Grubbs's third and fourth claims, and accordingly directed the Second District Court of Appeal to grant Grubbs the opportunity for a new appeal. *See Grubbs v. Singletary,* 892 F.Supp. 1484, 1491 (M.D.Fla.1995). Both parties noticed appeal.

## II. DISCUSSION

### A. Issues Raised By Singletary

The first issue raised by Singletary is whether the district court erred in granting habeas relief based upon Grubbs's claim of ineffective assistance of appellate counsel in filing the *Anders* brief. We review this issue *de novo* since it presents a mixed question of law and fact. *See Duest v. Singletary,* 967 F.2d 472, 477 (11th Cir.1992).

Generally, an ineffective assistance of appellate counsel claim is analyzed under the two-prong test enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Heath v. Jones,* 941 F.2d 1126, 1130 (11th Cir.1991). The test requires a defendant to show both that (1) appellate counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *See id.* However, a number of courts have held that in an *Anders* context, where appellate counsel must submit a brief advising the court of anything in the record that is arguably meritorious, a defendant need not satisfy the prejudice prong. *See, e.g., Evans v. Clarke,* 868 F.2d 267, 268 (8th Cir.1989). Rather, the defendant need only show that appellate counsel was deficient in failing to comply with *Anders.*

The district court concluded that Grubbs's appellate counsel was deficient in failing to comply with *Anders* since her brief (1) did not advise the court of a claim of ineffective assistance of trial counsel; and (2) did not present other arguably meritorious claims in the manner of an advocate. *See Grubbs,* 892 F.Supp. at 1490-91. The district court then concluded, without requiring a showing of prejudice, that these omissions rendered appellate counsel's performance constitutionally ineffective.

3

Without deciding whether the district court was correct in not requiring a showing of prejudice, we conclude that the district court erred in concluding that Grubbs's appellate counsel's was deficient in failing to comply with *Anders.*

Grubbs's appellate counsel's failure to advise the court of a claim of ineffective assistance of trial counsel in the *Anders* brief does not amount to deficient performance since such a claim generally is not susceptible to review on direct appeal. *See Blanco v. Wainwright,* 507 So.2d 1377, 1384 (Fla.1987). In fact, Grubbs's counsel in this appeal stated at oral argument that he could not find *any* Florida cases in which counsel raised an ineffective assistance of trial counsel claim on direct appeal. The absence of any such case likely is due to the fact that defendants can raise an ineffective assistance of trial counsel claim in a motion for post-conviction relief under Rule 3.850, which has been recognized as a "more effective" remedy for such claims than direct appeal since the resolution of a Rule 3.850 motion, unlike a direct appeal, allows for a full evidentiary hearing. *See id.*[1] Grubbs's appellate counsel "cannot be faulted for preserving the more effective remedy and eschewing the less effective." *Id.*

Similarly, the way in which counsel crafted her *Anders* brief did not in our view constitute constitutionally deficient performance. The brief contained a thorough statement of facts and four arguably meritorious claims with accompanying relevant authority. Although the brief may have only marginally complied with *Anders,* it nonetheless complied. We conclude, therefore, that the district court erred in granting Grubbs relief on his claim of ineffective assistance of appellate counsel in failing to comply with *Anders.*

The second issue raised by Singletary is whether the district court erred in effectively concluding that Grubbs's claim that the Second District Court of Appeal did not follow *Anders* was not procedurally defaulted. We review this issue de novo. *See Tower v. Phillips,* 7 F.3d 206, 210 (11th Cir.1993).

---

[1]Grubbs, in fact, claimed ineffective assistance of trial counsel in the Rule 3.850 motion that he filed after his direct appeal.

Federal courts may not grant relief on claims "that have not been presented in state court if the state court would have found the claims to be procedurally defaulted, unless the petitioner is able to show both cause for the default and prejudice resulting therefrom." *See id.* The district court did not determine whether Grubbs's claim that the Second District Court of Appeal did not follow *Anders* was procedurally defaulted. Instead, it merely concluded that the claim was "effectively linked" to Grubbs's claim of ineffective assistance of appellate counsel since both involved the procedural requirements of *Anders.*

This conclusion erroneously sidesteps the important issue of procedural default. Had the district court addressed the issue, it likely would have concluded, as we conclude, that Grubbs procedurally defaulted his claim since he did not raise it in the state courts and would be procedurally barred from doing so in a second or successive motion or petition. *See Johnson v. Singletary,* 647 So.2d 106, 109 (Fla.1994)("[N]ew claims [cannot] be raised in a second petition when circumstances upon which they are based were known or should have been known at the time the prior petition was filed."). Further, we conclude that Grubbs has failed to show sufficient cause to overcome the default.

It is unclear whether the district court's grant of relief was based to any extent on Grubbs's claim that the Second District Court of Appeal failed to comply with *Anders* since the district court did not make any specific findings with regard to the merits of the claim. However, if the grant of relief was based on the court's alleged failure to comply with *Anders,* such a grant was improper since the claim was procedurally defaulted and Grubbs did not show sufficient cause to overcome the default.

### B. Issue Raised By Grubbs

The issue raised by Grubbs on cross-appeal is whether the district court erred in denying him relief on his ineffective assistance of trial counsel claim because of his procedural default. We review this issue de novo. *See, Tower,* 7 F.3d at 210.

5

As stated above, federal courts may not address claims "that have not been presented in state court if the state court would have found the claims to be procedurally defaulted, unless the petitioner is able to show both cause for the default and prejudice resulting therefrom." *See id.* With regard to Grubbs's ineffective assistance of trial counsel claim, the district court conducted a procedural default analysis and concluded that Grubbs did not present to the state courts the specific instances of alleged ineffective assistance of trial counsel he now presents, and would be precluded from presenting them in a successive state motion. *See Grubbs,* 892 F.Supp. at 1488-89 (citing *Spaziano v. State,* 545 So.2d 843, 844-45 (Fla.1989)). The district court further concluded that Grubbs failed to show cause to excuse such a default. *Id.*

Grubbs argues that he has shown sufficient cause. According to Grubbs, his failure to raise the specific instances of ineffective assistance of trial counsel in his Rule 3.850 motion was caused by appellate counsel's failure to raise the instances on direct appeal. We reject this argument since, as the district court noted, there is no logical connection between appellate counsel's failure to raise the instances on direct appeal and Grubbs's failure to raise the instances in his Rule 3.850 motion. Therefore, we conclude that the district court did not err in denying Grubbs relief on his ineffective assistance of trial counsel claim because of his procedural default.

### III. CONCLUSION

For the above reasons, we REVERSE the district court's grant of relief on Grubbs's claims of ineffective assistance of appellate counsel and state court failure to comply with *Anders,* and AFFIRM the district court's denial of relief on Grubbs's claim of ineffective assistance of trial counsel.

REVERSED IN PART; AFFIRMED IN PART.