[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 17, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12109
Non-Argument Calendar

_____

D. C. Docket Nos. 06-00054-CV-T-26-EAJ
03-00293-CR-T-2

HAMILI MILLIGAN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 17, 2007)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Federal prisoner Hamili Milligan, proceeding *pro se*, appeals the district court's denial of his motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255. Milligan filed a notice of appeal from the denial of relief. This Court granted a certificate of appealability (COA) on the following issues:

> (1) Whether appellant's trial counsel was ineffective for failing to file a motion to dismiss based on a violation of the Speedy Trial Act, 18 U.S.C. § 3161(b).
>
> (2) Whether appellant's appellate counsel was ineffective for failing to raise this first issue on direct appeal.

As to the first claim, Milligan has shown a violation of the Speedy Trial Act occurred, but has failed to show he was prejudiced. As to the second claim, this Court would not hear a direct appeal on whether Milligan's trial counsel was ineffective because the issue was not first raised in the district court. We, therefore, affirm the district court's denial of relief.

## I. STANDARD OF REVIEW

Whether a defendant received ineffective assistance of counsel under the Sixth Amendment is a mixed question of law and fact reviewed *de novo*. *Mincey v. Head*, 206 F.3d 1106, 1142 (11th Cir. 2000). Our review is limited to the issues specified in the COA issued pursuant to 28 U.S.C. § 2253(c). *Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998).

2

## II.  DISCUSSION

A.  *Ineffective Assistance of Trial Counsel*

To establish a claim of ineffective assistance of counsel, Milligan must show: (1) his counsel's performance fell below an objective standard of reasonable professional assistance; and (2) there is a reasonable probability that the outcome would have been different but for his lawyer's unprofessional errors.  *Strickland v. Washington*, 104 S. Ct. 2053, 2064–68 (1984); *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006).  Counsel is presumed to have rendered adequate assistance and to have exercised reasonable professional judgment.  *Strickland*, 104 S. Ct. at 2064.

Even if Milligan can show his counsel's performance fell below an objective standard of reasonable professional assistance, he is unable to show prejudice.  The Speedy Trial Act provides "Any . . . indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . ."  18 U.S.C. § 3161(b).  If the Government files the indictment after this time limit, which the Government did in this case, the charges will be dismissed with or without prejudice with the district court considering the following factors:  "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a

3

reprosecution on the administration of this chapter and the administration of justice." 18 U.S.C. § 3162(a)(1). This Court has previously held that drug and firearm charges are serious offenses when considering whether to dismiss with or without prejudice. *See United States v. Williams*, 314 F.3d 552, 559 (11th Cir. 2002).

Milligan has failed to establish that his trial counsel's failure to file a motion to dismiss prejudiced him. The district court would have likely dismissed the charges without prejudice, and the case would have been refiled. In addition, Milligan's claims would not qualify as *per se* prejudice. *See United States v. Cronic*, 104 S. Ct. 2039, 2046–47 (1984). The district court correctly found that Milligan failed to show any prejudice from his counsel's failure to file a motion to dismiss.

B. *Ineffective Assistance of Appellate Counsel*

Milligan next argues his appellate counsel was constitutionally ineffective because his appellate counsel failed to raise the issue of his trial counsel's ineffectiveness on appeal. An ineffective assistance of appellate counsel claim is considered under the same two-part test announced in *Strickland v. Washington*, 104 S. Ct. 2052 (1984). *Grubbs v. Singletary*, 120 F.3d 1174, 1175 (11th Cir. 1997).

Milligan's appellate counsel could not be constitutionally ineffective because this Court would not have heard his claim for ineffective assistance of trial counsel on direct appeal. This Court does not consider claims of ineffective assistance of counsel on direct appeal unless those claims were first raised in the district court with an opportunity to develop a factual record relevant to the merits of the claim. *United States v. Perez-Tosta*, 36 F.3d 1552, 1563 (11th Cir. 1994). Milligan did not assert ineffective assistance of trial counsel prior to his direct appeal. In fact, he stated he was satisfied with his counsel at his plea colloquy. This Court would not have heard his claim on direct appeal; therefore, his appellate counsel could not have been constitutionally ineffective for not raising the issue.

## III. CONCLUSION

Based on the above discussion, Milligan's claims for ineffective assistance of trial and appellate counsel must fail. His failed to show his trial counsel's error caused him any prejudice. In addition, his appellate counsel could not have been ineffective for not raising the ineffective assistance of trial counsel on direct appeal because this Court would not have heard the claim. We, therefore, AFFIRM the district court.

**AFFIRMED.**