IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30189
Summary Calendar
_____


THOMAS C. FERGESON,

                                        Petitioner-Appellant,

versus

BURL CAIN, Acting Warden,
Louisiana State Penitentiary,

                                        Respondent-Appellee


- - - - - - - - - - - - - - - - - - -

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 94-CV-1246

- - - - - - - - - - - - - - - - - - -

November 30, 1995

Before: WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Thomas C. Fergeson appeals the dismissal without prejudice of
his federal petition for a writ of habeas corpus for failure to
exhaust state remedies.  Because we find that the district court's
evaluation of the issues presented to the state and federal courts
too narrowly interprets the substance of Fergeson's *pro se*
petitions and that Louisiana's procedural bars render collateral
relief unavailable on any claim not yet presented to the state

---

[*] Local Rule 47.5 provides:  "The publication of opinions that have no precedential
value and merely decide particular cases on the basis of well-settled principles of law
imposes needless expense on the public and burdens on the legal profession."  Pursuant
to that Rule, the court has determined that this opinion should not be published.

courts, we remand this matter to the district court for further proceedings.

Among the claims Fergeson raised in the state courts was that his guilty plea was not knowing and intelligent because he had stated during the plea colloquy that he was unable to confirm the prosecution's recitation of facts inasmuch as he had no memory of the events. Based on its review of the record, the trial court denied relief. The state appellate and supreme courts subsequently denied Fergeson's applications for review. In his petition for writ of habeas corpus in the federal courts, Fergeson again claims that his plea was not knowing and intelligent, this time arguing primarily that he was never informed of the elements of the crimes charged or the lesser charges to which he pleaded guilty. He argues that the deficiency of the plea is evident from the record in that the trial court failed to determine what type of plea was being entered (i.e. whether or not the plea was an Alford plea), the indictment was never read for the record, and the elements were never explained in the record. Fergeson also claims that there was an element of coercion in his guilty plea, as he was informed that if found guilty of aggravated rape, he faced a life sentence. The district court determined that Fergeson's petition presented for the first time the claims that the guilty plea was faulty because Fergeson was not informed of the elements of the charged crimes and that he was coerced into pleading guilty because he faced a life sentence if convicted of aggravated rape. Consequently, the district court dismissed the petition without prejudice in order

2

for Fergeson to exhaust his state court remedies.  See Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982); Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993).

To have exhausted state remedies, a habeas petitioner "must have fairly presented the substance of his claim to the state courts."  Sones v. Hargett, 61 F.3d 410, 414-15 (5th Cir. 1995)(quoting Vela v. Estelle, 708 F.2d 954, 958 (5th Cir. 1983), cert denied, 464 U.S. 1053, 104 S.Ct. 736, 79 L.Ed.2d 195 (1984)). "Normally, the exhaustion requirement is not satisfied if a petitioner presents new legal theories or entirely new factual claims in his petition to the federal court."  Id. at 415 (quoting Vela, 708 F.2d at 958).

In Vela v. Estelle, 708 F.2d 954 (5th Cir. 1983), cert. denied, 464 U.S. 1053, 104 S.Ct. 8736, 79 L.Ed.2d 195 (1984), we rejected the state's argument that the petitioner had failed to exhaust his state remedies.  There, the petitioner had claimed in both his state and federal petitions that counsel had been ineffective in the sentencing phase of his trial, but had raised additional factual grounds for that claim in his supplemental petition before this court.  Acknowledging that we normally refuse to review on habeas entirely new factual claims never presented to the state habeas court, we found that petitioner's claims had been exhausted in the state courts because the issue of counsel's ineffectiveness was based on the attorney's entire performance and, although petitioner now noted trial errors not specifically mentioned in his *pro se* state habeas petition, all the errors

3

supported the same constitutional claim and were readily discernible from the review of the entire record the state court was obligated to carry out. Id. at 958-60. We observed:

> Characterizing these allegations as "unexhausted claims" would require us to find that the state habeas court failed in its duty to evaluate counsel's performance on the basis of the record as a whole. This we are unwilling to do, given that court's citation in its findings of instances drawn from the record in which counsel performed properly. Concluding as we do that the alleged "new facts" are not new at all, we cannot see how our consideration of these same facts in anyway undercuts the state court, or creates any friction between the state and federal judicial systems. Accordingly, we hold that Vela has exhausted all available state remedies as required by § 2254(b),(c) . . . .

Id. at 960.

In this matter, the factual underpinnings of Fergeson's claim that his plea was not knowing and intelligent are somewhat different in the petitions before the state and federal courts, but the underlying constitutional violation remains the same, and the evidence necessary to determine the merits of his claim is contained in the record that was before the state courts. Indeed, the state district court observed that the record did not support petitioner's claim that the plea was "faulty," and the appellate court, in denying relief, relied on the trial court's review of the record. We find that the substance of Fergeson's claim that his guilty plea was not intelligently made was fairly presented to the state courts and that the district court consequently erred in finding that Fergeson had not exhausted the claim in the state courts.

Fergeson briefly argued in his federal petition that there was

"an element of coercion" to his plea because he was repeatedly informed that he faced a life sentence for the charged crime. Assuming that this was raised as a distinct issue, the claim that the plea was involuntary is a new claim that the state courts have not had the chance to address. Dismissal of the petition in order to permit Fergeson to exhaust his state remedies is not warranted, however, because the state courts would refuse to hear his claims. See La.C.Cr.P. art. 930.8 (West Supp. 1995)(establishing three-year statute of limitations for the filing of petitions for post-conviction relief); Glover v. State, ___ So.2d. ___ (La. Sept. 5, 1995)(No. 93-2330), slip op. at 4-20 (upholding constitutionality of La.C.Cr.P. art. 930.8). Because post-conviction relief in the state courts is no longer available to Fergeson, he has technically exhausted his state remedies. See Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995); Deters v. Collins, 985 F.2d 789, 795 n. 16 (5th Cir. 1993). Whether Fergeson's failure to raise this claim procedurally bars it from review in federal court is an issue to be addressed on remand.

Accordingly, the district court's judgment is VACATED and the case is REMANDED to that court for further proceedings.