[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-13175

_____

D. C. Docket No. 03-00249-CV-1-CAR-5

LEWIS BOGAN,

Petitioner-Appellant,

versus

PAUL THOMPSON, Warden,
Telfair State Prison,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(March 16, 2006)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

In 1997 Lewis Bogan was convicted by a jury in Georgia state court of one count each of theft by receiving stolen property, aggravated assault, and robbery by sudden snatching. Bogan was given consecutive sentences of twenty years without parole for each count, or sixty years in total. He appealed to the Georgia Court of Appeals, which affirmed the convictions and sentences in 2001, and Bogan did not file a petition for certiorari in the Georgia Supreme Court. While his appeal was pending before the Georgia Court of Appeals, Bogan also sought state habeas corpus relief, which was ultimately denied in 2002. The Georgia Supreme Court denied Bogan's subsequent application for a certificate of probable cause to appeal in 2003.

Shortly thereafter, Bogan filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 in the Middle District of Georgia. The district court rejected the magistrate judge's initial recommendation that the petition be dismissed as untimely, but it accepted the magistrate judge's later recommendation that the petition be dismissed on the ground that all of the claims were procedurally barred. Adopting that report and recommendation, the court denied Bogan's habeas petition.

This is Bogan's appeal. We granted him a certificate of appealability (COA) which specified the following issues:

Whether appellant procedurally defaulted his claims that he received ineffective assistance of counsel when counsel failed to (1) adequately prepare for trial, (2) interview key witnesses, (3) move to sever count one, receiving stolen property, from the remaining counts, (4) request jury instructions on lesser included offenses, (5) reserve objections to the jury instructions, (6) move to suppress the victim's identification testimony, and (7) subpoena witnesses on his behalf.

Later, after a round of briefing, we appointed counsel for Bogan and ordered supplemental briefing, directing that counsel "[a]s a sub-part of the . . . issue set forth in the COA" address the following issue:

Whether Lewis Bogan's ineffective assistance of trial counsel claims are procedurally defaulted by his failing on direct appeal to apply for certiorari review by the Georgia Supreme Court, as required by Nelson v. Schofeld, 371 F.3d 768, 769-70 (11th Cir. 2004), when the recently amended Georgia Supreme Court Rule 40 requires only that relief be denied by the Court of Appeals of Georgia to exhaust state remedies; and, if review by the Georgia Supreme Court is not required for exhaustion, whether Bogan's seven ineffective assistance of trial counsel claims were fairly presented in his direct appeal to the Georgia Court of Appeals.

Both court-appointed counsel for Bogan and counsel for the State did file supplemental briefs.

The magistrate judge's report and recommendation, which the district court adopted, does not explain why Bogan's claims are procedurally defaulted. The State of Georgia has explicitly waived in this Court any argument that Bogan's habeas claims were procedurally barred under O'Sullivan v. Boerckel, 526 U.S. 838, 119 S. Ct. 1728 (1999), because of his failure to seek certiorari review in the

Georgia Supreme Court of the Georgia Court of Appeals' decision affirming his conviction and sentence. Instead, the State seeks affirmance of the district court's judgment on the ground that the claims Bogan is pursuing in this federal habeas action were not fairly presented in his appeal to the Georgia Court of Appeals.

Pursuant to 28 U.S.C. § 2254(b)(1), "[h]abeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005); see also Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1343 (11th Cir. 2004). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971); see also Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982). "The petitioner must present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon (his) constitutional claim.'" Kelley, 377 F.3d at 1344 (quoting Picard, 404 U.S. at 277, 92 S. Ct. at 513 (alteration in original)). In cases such as this one involving ineffective assistance of counsel claims, we have held that "a habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously." Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). However, it is not necessary

4

that the petitioner present in the federal habeas proceeding "a verbatim restatement of the claims brought in state court." McNair, 416 F.3d at 1302. With these principles in mind, we will go down Bogan's claims one by one.

The first claim covered by the COA is that his trial counsel failed to adequately prepare for trial. In his pro se federal habeas petition Bogan alleges that: "Counsel failed to properly prepare said case for trial which is deeply rooted in the fundamental principles of the Sixth and Fourteenth Amendment[s] under the United States Constitution." The State argues that this claim does not match the issue Bogan argued to the Georgia Court of Appeals. In the brief Bogan filed in that court, however, he argued that "[t]rial counsel's failure to adequately prepare the case for trial and interview and subpoena witness[es] for the defense was totally ineffective," and further specified that "trial counsel did not attempt to interview any of the sixteen (16) witnesses identified by the State." There is no disparity between his argument there and his claim in his federal habeas petition. So far as we can tell all of the witnesses that Bogan now argues his trial counsel should have interviewed in order to prepare for trial are among the witnesses that were identified by the State.

The second claim covered by the COA, which is related to the first one, is that counsel rendered ineffective assistance by failing to interview key witnesses.

The federal habeas petition alleges that: "Counsel failed to interview key potential witnesses that would have proven that he did not try to sell a truck, and would have helped to discredit the testimony of the State's witnesses." The brief Bogan filed in the Georgia Court of Appeals identified those two witnesses as Robby Hughes and Deputy Ford, thus providing even more specificity than he gave in the federal habeas petition. The identification of another witness in Bogan's initial or pro se brief to this Court does not change our conclusion that the claim was fairly presented in state court.

The third claim covered in the COA is that trial counsel failed to move to sever the receipt of stolen property count from the others. The federal habeas petition alleges that: "Counsel failed to file a motion to sever Count One from the remaining counts of the indictment." In his brief to the Georgia Court of Appeals, Bogan argued that "[b]y failing to file a motion to sever, the defense counsel was ineffective," he specified a number of ways in which the counts were sufficiently unrelated that it would have been error not to sever the counts if a motion had been filed, and he asserted that his chance of acquittal would have been greater with a severance. The claim was fairly presented in state court as to those grounds. To the extent that Bogan is now arguing the additional ground that a severance should have been sought and would have been granted on venue grounds, that claim was

6

not fairly presented to the state courts. To that extent alone, this claim is procedurally barred. (Bogan has failed to proffer cause and prejudice, and he cannot plausibly argue that a miscarriage of justice will result from the failure to decide this claim on the merits.)

The fourth issue covered in the COA is that trial counsel rendered ineffective assistance by failing to request jury instructions on lesser included offenses. The federal habeas petition alleges that: "Trial counsel failed to request jury instructions mainly possible lesser included offenses." In his state appellate court brief Bogan argued that counsel was ineffective because, "defense counsel did not file any proposed jury instructions," and did not "request jury instructions or ant [on any?] possible lesser included offenses." There is no procedural default there.

The fifth issue covered in the COA is that trial counsel rendered ineffective assistance by failing to reserve objections to the jury instructions. The federal habeas petition alleges that: "Trial counsel failed to reserve defendant's right to object to the court's instructions to the jury." In his state appellate court brief Bogan argued exactly the same thing: "Trial counsel's failure to reserve his objections to the Court's charge to the jury constituted ineffective assistance of

counsel and requires the conviction to be set aside." There is no procedural default there.

The sixth issue covered in the COA is that trial counsel rendered ineffective assistance by failing to move to suppress the victim's identification testimony. The federal habeas petition alleges that: "Trial counsel failed to suppress the victim's testimony of identification." In his state appellate court brief Bogan argued that counsel was ineffective because he failed to renew a filed motion to suppress once it became obvious that the victims were going to offer some in-court identification of the defendant. There is not enough of a difference for us to conclude that the state courts did not have a fair opportunity to rule on Bogan's claim that his counsel was ineffective for failing to have the victims' identification testimony suppressed.

Finally, the seventh issue covered in the COA is that trial counsel rendered ineffective assistance by failing to subpoena witnesses on Bogan's behalf. The federal habeas petition alleges that: "Trial counsel failed to subpoena witnesses in petitioner's trial who were available to help substantiate his innocence during the guilt-innocence phase of his trial thus violating his Sixth Amendment right." In his state appellate court brief Bogan argued that counsel was ineffective because he

failed to subpoena witnesses for the defense. This claim is not procedurally defaulted.

For these reasons, the district court's judgment denying the habeas petition as procedurally defaulted is REVERSED insofar as the claims explicitly listed in the COA are concerned, except to the extent that Bogan is claiming that trial counsel was ineffective for failing to seek a severance of the first count on venue grounds. To that extent, and to the extent of any claims not explicitly listed in the COA, the judgment of the district court is AFFIRMED. The case is REMANDED to the district court for further proceedings consistent with this opinion. In remanding the case, we imply no view on the merits of any issue.

**REVERSED in part, AFFIRMED in part, and REMANDED.**